(32 Misc. Rep. 552.)

### THOMPSON v. REMSEN et al.

(Supreme Court, Special Term, New York County. October, 1900.)

PARTITION—TRUSTS—WILLS.

    2 Rev. St. 1797, § 55, authorizes the creation of trusts for the collection of rents and profits of land, and the application thereof to the use of any person during his life. The Revised Statutes also provide that express trusts, with certain specified exceptions, shall vest the whole estate in the trustee. A testator devised real estate to his executor in trust to divide such estate in five parts, and to allot a part to each of testator's children, and directed the executor to pay the income of each share to the child to whom it was allotted, and on its death to distribute the share among its issue. The executor failed to make such allotment. *Held*, that a grandson could not maintain a suit to partition such property after the death of a child, since the will created a valid trust, though the executor failed to make the required allotment.

Original suit in partition by Jonathan Thompson, an infant,. against Charles Remsen and others. Complaint dismissed.

Edward W. Sheldon, for plaintiff.
Everett V. Abbott, for defendants.

ANDREWS, J. This action is brought to procure the partition of the real estate described in the complaint, wherein it is alleged that the plaintiff is seised in fee of an undivided $1/120$ part thereof,.

and that he also has an estate in remainder in an undivided $1/15$ part thereof, of which his mother, the defendant Jane Remsen Thompson, is the life tenant. Whether the plaintiff, by reason of such alleged ownership, or upon any other ground, is entitled to maintain this action, depends upon the construction to be given to the will of his grandfather, William Remsen. Said testator left five children, and his will, after providing in the second paragraph thereof for several specific bequests, continues as follows:

"Third. All the rest, residue, and remainder of my estate, both real and personal, of whatsoever kind or nature, and wheresoever situate, of which I may die seised or possessed, or be in any way entitled to, and whether held by me solely or in common with others, I give, devise, and bequeath unto my executors hereinafter named, and the survivors and survivor of them, upon the trusts and to and for the uses and purposes following; that is to say: (1) In trust to divide the same into five equal parts or shares, and to allot to my children, Robert George Remsen, Charles Remsen, Jane, wife of Joseph T. Thompson, Elizabeth Remsen, and Sarah, wife of William Manice, each, one of said five parts or shares. (2) And, as to each of such parts or shares, to continue seised of the same for and during the life of the child to whom such part or share is allotted, upon the trust to collect and receive the rents, issues, profits, dividends, interest moneys, and income arising therefrom, and after paying all the taxes, assessments, repairs, charges, costs, and expenses thereon, to apply in the case of my son Robert George Remsen the net annual income arising from the part or share allotted to my said son Robert George Remsen to his use, maintenance, and support for and during his life, and in the case of my other son, Charles, and of my daughters, to pay over to them, respectively, the net annual income of the share or part allotted to them, and, on the death of each of the children mentioned in this third clause of my will, to convey, pay over, and distribute the whole capital of the part or share allotted to the child so dying, with all accumulations thereof, to and among the lawful issue, if any, of such deceased child, and, if such child leave no lawful issue then surviving, then to divide, distribute, and pay over the said capital and accumulations in equal portions to and among the children then living of any surviving brothers and sisters, including the children then living of any deceased brother or sister mentioned in this third clause of my will, per capita, and not per stirpes."

The will also conferred upon the children limited powers of appointment, and upon the executors and trustees the power to make investments, and to lease, sell, or partition any or all of the testator's real estate, and to purchase other real estate for investment. The testator left a large estate, consisting partly of real and partly of personal property. It appears by the record, which was put in evidence on the trial of this action, that the executors, Charles Remsen and William Manice, brought an action in this court, in which the plaintiff herein was a defendant, and that the judgment in that action, after providing for the retention of a large amount of personal property to meet any liability which might grow out of the litigation then pending, in which the executors were parties defendant, directed the distribution of the personal property between four of the children and the nieces and nephews of Robert George Remsen, one of the five children of the testator, who had died prior to the rendition of such judgment. It also appears that the executors have never executed the power given them in trust, —to divide the estate into five equal parts or shares, and to allot to each of said five children one of said five parts or shares. The

testator at the time of his death owned a great number of pieces of real estate situated in the city of New York, and was part owner of a number of several others. The property described in the complaint was one of the latter class, and was owned one-third by the testator and two-thirds by the defendant Henry Hart; and the plaintiff claims, as above stated, that although the executors have never exercised the power given them by said will,—to divide the real estate into five equal parts, and to allot the same to the children of the testator,—he is seised in fee of an undivided $^1/_{120}$ part of the real estate described in the complaint, and has an estate in remainder in an undivided $1/_{15}$ part thereof, of which his mother is the life tenant; and it necessarily follows, if this contention is well founded, that he has the same interest in all the real estate which was owned by the testator, in whole or in part, at the time of his death.

I have given most careful consideration to the will of the testator, and to the briefs of the various counsel, and the other papers submitted; and after such consideration I have reached the conclusion that the claim made by the plaintiff of ownership in the property described in the complaint is not well founded, and, as a necessary consequence, that he cannot maintain this action. It is undoubtedly true that the devise to the executors contained in the third paragraph of the will, of all his estate, both real and personal, except such personal estate as had been specifically bequeathed, in trust to divide the same into five equal parts or shares, and to allot one of said five parts or shares to each of his children, did not create a valid trust, so far as the real estate was concerned; but such devise, in connection with the other provisions of the third paragraph, which provided that, as to each of such parts or shares, the executor should continue seised of the same for and during the life of the child to whom such part or share is allotted, upon the trust to collect and receive the rents, issues, profits, dividends, interest, moneys, and income arising therefrom, and after making certain payments to apply the net annual income arising from the part or share allotted to the son Robert George Remsen, to his use, maintenance, and support for and during his life, and in the case of his other son, Charles, and all his daughters, to pay over to them, respectively, the net annual income of the share or part allotted to them, and on the death of each of said five children to convey, pay over, and distribute the whole capital of the part or share allotted to the child so dying, with all accumulations thereof, to and among the lawful issue, if any, of such deceased child, did create a valid trust, under the Revised Statutes of this state, irrespective of whether such power to divide the estate into shares and allot the same should or should not be exercised. Such statutes contain the following provision:

"Express trusts may be created for any or either of the following purposes: (1) * * *; (2) * * *; (3) to receive the rents and profits of lands and apply them to the use of any person, during the life of such person, or for any shorter time, subject to the rules prescribed in the first article of this title." 2 Rev. St. (9th Ed.) 1797, § 55.

The provision of the will that the executors shall apply the net annual income from the part or share allotted to Robert George Remsen to his use is in the identical language of the statute above quoted; and it has been settled in this state for many years that a trust to receive the rents and profits of land and pay them over to a beneficiary is valid, within the above-cited provision of the Revised Statutes authorizing the creation of a trust to receive the rents and profits of land and apply them to the use of any person. Leggett v. Perkins, 2 N. Y. 297; Same v. Hunter, 19 N. Y. 448. The Revised Statutes also provide as follows:

"Every express trust, valid as such in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees, in law and in equity, subject only to the execution of the trust."

And it has been repeatedly decided that where lands have been conveyed to a trustee, to receive the rents and profits and pay them over to a certain beneficiary during life, the trustee has during such life the whole estate, legal and equitable, in the lands, subject only to the execution of the trust, and that the cestui que trust has no estate or interest in such lands. Noyes v. Blakeman, 6 N. Y. 567.

It necessarily follows that upon the death of the testator all his real estate, including that described in the complaint, vested in his executors and trustees, in law and in equity, subject only to the execution of the valid trust created by his will as above described. It is true that the executors have not executed the power given them in trust by the will, to divide such real estate into five equal parts or shares, and to allot one of said five parts or shares to each of his children; and it is also true that one of said five children, Robert George Remsen, died prior to the commencement of this action, and that it became the duty of the executors to convey, pay over, and distribute the whole capital which by the provisions of the will it was their duty to allot to said Robert George Remsen. I am unable, however, to see how these facts are material to the question under consideration, which is whether the plaintiff has such an interest in the real estate described in the complaint that he can maintain this action for the partition thereof. As above stated, the provision of the will devising and bequeathing the whole estate to the executors, and directing them to divide it into five parts or shares, and to allot one to each of the five children, did not create a valid trust, but it did confer upon the executors a lawful power in trust; and under this and the further provisions of the will the legal and equitable title to all the testator's real estate vested in them, subject to the execution of such power of allotment and division, and the failure to exercise such power has not invalidated or defeated such trust. Nor is the fact that said Robert George Remsen died material. No interest, legal or equitable, in the testator's real estate was vested in him; and the interest of the plaintiff in the real estate, which, under the provision of the will, should have been allotted to him, and in the other real estate of the testator, was no greater or different after his death

than it was before. Indeed, I do not see, if the allotment and division provided for by the will had actually been made, that the plaintiff would have been in any better position to maintain this action. As above stated, the title of all the real estate of the testator vested in the executors, and the will declares that after such division and allotment the executors shall continue seised of the same for and during the life of the child to whom such part or share is allotted, upon the trust not only to collect and receive the rents, etc., and to apply and pay over the same, but also on the death of each of the children to convey, pay over, and distribute the whole capital of the part or share allotted to the child so dying, with all the accumulations thereof, to and among the lawful issue, if any, of the deceased child, and, if such child leave no lawful issue then surviving, to divide, distribute, and pay over the said capital and accumulations in equal portions to and among the children then living of any surviving brothers and sisters; so that even if there had been a division into five parts or shares, and an allotment of one of them to Robert George Remsen, the legal and equitable title to the same would still have remained vested in the executors or trustees. However, as such division and allotment have not been made, it is not necessary to, and I do not, pass upon that question. The fact that the executors failed to perform the duties imposed upon them by the will, of dividing the real estate and allotting the shares thereof, as above stated, is not material. It appears by the briefs submitted on their behalf that the judgment in the action brought by them as above mentioned, to which the plaintiff was a party, created a lien upon all the real estate of the testator, and made it liable to respond to any indebtedness which might arise by reason of the litigation in which the executors were involved, and which is still pending. It is also asserted that up to the present time it has been, for other reasons, impracticable and undesirable that such real estate should be divided and allotted. I am not called upon to pass upon the validity of the reasons assigned for the failure of the executors to execute the power conferred upon them to divide the real estate into shares and allot the same. If they have failed to perform a duty imposed upon them, the law provides a remedy; and it appears from the papers before me that an action was brought by the mother of the plaintiff against the executors to compel them to exercise such power of division and allotment, which action failed because it was held by the court that the mother, as cestui que trust, could not maintain the same. The views above expressed make it necessary to consider the other questions raised in the briefs of the various counsel, and, as I am of the opinion that the plaintiff has no such interest in the property described in the complaint as entitles him to maintain this action, the complaint must be dismissed, with costs.

Complaint dismissed, with costs.